May it please the court, I do not mean this statement to be flippant and at the risk of drawing the laughter of the court and saying, well of course you don't Mr. Gordon, but I wanted to say that I wish we weren't on plain error here. I think we do win on plain error, but I think sort of tragedy may be too strong a word, but- I've never heard a defense lawyer wish that he were on plain error. Well this is what I mean, what I mean by this is that Judge Flanagan was so conscientious in this case. She put so much thought, she put so much time and effort into it that I wish she had had an opportunity to address the issue that we are arguing is really at the nub of the matter, which nobody brought up, which was that the term relating to the sexual exploitation of children is unconstitutionally vague. At the time, I believe the sentencing hearing, in fact I'm certain the sentencing hearing was a month before the Johnson decision came out, so it was not clear at that time to a sentencing statute, but I think Johnson has made clear that it does, and I think now that Johnson has made clear that it does, that this, you know, I've argued that the second part of the sentence that would expose him to the one level bump does not apply, but for purposes of the two level exploitation, which is nowhere to find, has got to mean something, and the question is where do we look for it? How do we figure it out? And in my brief, I've laid out what I think is the best that we can do, given what Congress has done. This is a strange statute, in that it changes the language for the predicate offenses between one enhancement and the next. So the section of, I'm sorry, the chapter that this statute appears in is entitled Sexual Exploitation of Children and Other Abuses. It involves the manufacture and the sale of pornography, and reading in pari materia, I would argue to the court that is the best reading of what sexual exploitation of a child is. Now, if it's not defined by statute, then we look to sort of the dictionary definition of it. The dictionary defines, and I should have put this in my brief, I that you're likely to run across is to use somebody for financial profit or gain. And so again, the plain meaning of exploitation would suggest that there has to be a commercial element involved in it. Assuming we agree with you, and that there's error, and that it's plain, how do you get over the impact to his substantial rights hurdle? I think that he was, the presumption of everybody was that we were starting with a mandatory minimum sentence of 35 years. I'm going to confess, I get this mixed up a little bit. There's so many statutes for this. Judge Flanagan addressed the guideline issue and said, but anyway, it's all academic because he has these two prior sexual exploitation. Had she not held that, she would have started at a lower mandatory minimum, 25 years, and she may not have gone up as high as 540 months. We just don't know. I think the mandatory minimum, the 35 years that he was looking at as his mandatory minimum, I think had to play a great influence on the extent of the upper departure. So that would be my argument that his substantial rights were affected by this. How old is Mr. Mill? I believe he was 38 at the time of sentencing. And there was much talk, as your Honor probably knows about, well he's going to be 60, 64. We said he's going to be too old to bother anybody, and the government said he certainly is not going to be too old at 60 or 62 or 64 to bother children. And I think parenthetically, as a practical matter, with 42, 48, I don't know that he's ever going to get out. But the issue is what do we do with this statute? And if we cannot define the term sexual exploitation by the normal canons of construction or by its dictionary definition, then the term is so shapeless that it's void for vagueness. And it reminds me of Justice Stewart's famous statement about, I know pornography when I see it. Well, okay, but that still doesn't tell us what pornography is. And pre-Johnson cases from the other circuits that did not involve a vagueness challenge, but that proposed the same definition of sexual exploitation that I am proposing, rejected it on the ground that it made no sense for Congress to have enumerated federal crimes, to expand the universe of federal crimes for federal defendants, but then limit state crimes to just the manufacture and sale. I quite frankly don't understand that argument because it works the other way as well. What you would have is Congress limiting the offenses that a federal crime triggers and throwing wide open, this case is about indecent liberties to a minor or with a minor, which in North Carolina, as the Court may know, does not require that you even be in the actual presence of the child. There's one case that involved the person making obscene phone calls. So to interpret it, to apply that logic, you're saying that Congress wanted to punish state offenders worse than they wanted to punish federal offenders. A violation of Chapter 109A, which involves physical contact, sexual abuse, the actual invasion of the child's body, is Congress saying that that is not, that my making two dirty phone calls to a child, I should get life and that person should not, that person should get a lesser sentence? Well, Mr. Gordon, I guess the void for vagueness argument doesn't help you if we find that particular acts of your client fall well within the confines of the statute because you wouldn't be in a position to challenge on void for vagueness grounds if your client's misconduct applies to the statute. Do you agree with that? I don't, Your Honor. And with all due respect, I don't read Johnson as saying that. That the fact that it can be constitutional in some applications, I think that was the government's argument. That it can be, if it's constitutional in some applications, it's okay. I think the statute itself has to put people on notice as to what conduct. I mean, you have to find a core set of facts that apply to conduct. But if we find that your client falls within that core set of misconduct, the fact that, for example, you posited about dirty phone calls, that doesn't really help your client, does it? Well, to do that, the court rejects my definition. It would not hold that what we're talking about in this case is manufacture and I had the very unpleasant duty, I guess, in this representation to think about what is the worst thing you can do to a child? What really is the worst thing you can do to a child? And I would argue it is this. Because not only are you committing the physical act on the child, but you are then you can even say, well, killing the child would be the worst, but you can even, you know, in the 612 world, you could do that. You could market that as well. So I think this is the worst offense that could be committed. And it would make sense for Congress to say, you do this twice, and you're going to go away for a very, very, very long time. As opposed to throwing open, again, I think this is Johnson. I think this is the Doe case recently decided by this court. What does regularly scheduled activities of children in a place that they frequent mean in relation to sexual exploitation? I mean, first you've got sexual exploitation. Second, you've got in relation to. Well, what limits that? Somebody comes, my friend comes and knocks on my door and says, hide me. You've got to hide me. The police are after me. That's all he says to me. And I hide him. It turns out he's running from the police because they found pornography. They found that he had been manufacturing pornography. Am I guilty of a crime relating to the sexual exploitation of a child? I think arguably I am. I think arguably I am. So for all of these reasons, and I think looking at the statute, it is talking about these predators who not only gratify themselves on children, but who then seek to profit off it. Again, I think that's the case. And otherwise you risk throwing open the entire unit. There are so many state crimes. How do you limit in relation to sexual exploitation? You're getting remanded. Again, and just to repeat where I began, I really wish Judge Flanagan had had a chance to address this because I'm sure she would have. It would have been good. Good morning, and may it please the court. Christine Fritz on behalf of the United States. Today I'm asking you to affirm the judgment of the district court. As defense counsel noted, this is under a plain error standard, and that is a formidable burden. He cannot meet that burden. We contend that he cannot show that there was error in determining that indecent liberties with a minor is an offense relating to the sexual exploitation of children, and we contend that even if that could be shown, he can't demonstrate that this was plain. When an error is plain, it has to be clear and obvious. It has to be controlling authority of the Supreme Court or this court indicating a rule. As the defendant acknowledged in his own brief, there isn't as much guidance out there. He's identified not one circuit that has adopted his limited definition of sexual exploitation of a minor, and under that circumstance, it simply cannot be a plain error. I'd like to turn to what exactly relating to sexual exploitation of a minor should mean. We believe that the plain language of the statute should control. And there is case law saying that the title of a statute shouldn't be able to limit the plain language of the text itself. And here, the commonly understood term sexual exploitation of children would be taking advantage of a child in a sexual way for one's own purpose. You are misusing the definition. Where do you find that definition? The definition that I'm proposing is basically, I looked up the words in the dictionary, and I also, it's informed by the case law, which although, for example, there's a trio of Third Circuit cases that doesn't articulate its own definition, but when you look at those cases, it's clear that they were asking, does the criminal conduct focus on, is it sexual in nature? And is the victim or intended victim a child? And exploit, when I looked up the definition, it was to take advantage of, to make use of meanly or unjustly. Selfish utilization. Now in some cases, certainly that might be for a profiteering motive, but I point out that the statute that we're dealing with doesn't require that the child pornography be shared or made for purposes of profit. Nothing in that statute says that this is being done as a commercial activity. Congress intended broad protections for children. And when one applies just the plain language, that is what is accomplished. To limit the definition to the memorialization of sexual abuse in a visual or streamed way would exclude so many crimes that one would say, yes, that is an offense relating to the sexual exploitation of children. For example, under North Carolina law, there is sexual servitude of a minor. I think that anybody who looks at that statute would say, that is a statute that is relating to the sexual exploitation of children. Absolutely. It doesn't matter that it wasn't memorialized. Facilitating, supervising, supporting the prostitution of a minor. That's also an offense in trying to capture those defendants who have previously, on more than one occasion, exploited a minor in a sexual way. And not only did they exploit the minor in a sexual way, then they go on to produce child pornography that comes to the attention of the federal government. Mr. Mills is the type of defendant that this statute is supposed to apply to. And Judge Diaz, you referenced the idea of an as-applied vagueness challenge. Taking indecent liberties with a minor, we submit, absolutely would fall within the core of what should be understood as relating to sexual exploitation of children. You necessarily have a child victim. You have a child victim. And that is exactly what we have here. And that is why we submit that this statute isn't vague. It can be understood by applying the plain meaning. And the defendant's conduct unequivocally, his convictions for indecent liberties with a minor, unequivocally are convictions under the law of a child. If the court doesn't have further questions, I'd rely on the brief. For the foregoing reasons, we'll ask you to affirm the judgment of the court that Doe is the precedent. We are on direct appeal. Those cases now are applicable. Those cases can be basis for the court to find that the error is plain under the law. The Third Circuit cases, the Sixth Circuit case, the Eighth Circuit case, they don't define in relation to sexual exploitation, one, because nobody raised a vagueness challenge there. Number two, as I said, it wasn't clear at the time that you could even do that. Ms. Fritz asked you to focus on what the violation of 2251 deals with that. If you don't have that element, you don't have a 2251 violation. I suppose you could do it. Yeah, I suppose I could share it with my best friend. I think we've kind of seen that. I think we've seen cases where you ask the average person on the street, is this crime violent? I think Judge Wilkinson said that in the time. You say yes. Well, the law says no. And again, Ms. Fritz does not explain why the statute in Congress would seek to limit the federal offenses that would defend the defendant and state crimes. I would submit that you can pull anything, if you try hard enough, under this provision. Ms. Fritz talked about the conduct of the defendant, but in relation to, it doesn't necessarily talk about just the molester, the perpetrator. One of the subsections of 2251 deals with parents who permit their kids to use that way. So it potentially sweeps in other people. We're not committing an offense here today, but are we doing something in relation to the sexual exploitation of the child? I'm defending this case. She's arguing it. We're deciding it. We're dealing with it. I suggest there's no way to limit it. And I would say that another reason those cases don't define it is because they couldn't define it if they tried. So for all of those reasons, and without abandoning the other argument I've made, that it does not constitute sexual abuse either because it does not require physical touching. I don't want to abandon that. I want to stand on my brief on that. And I would ask the court to vacate the sentence and remand it. And if I could beg the court's indulgence for just a moment, I wanted to say something about my colleague. This was a very difficult case for everybody. And Ms. Fritz actually alerted me to an issue that I otherwise would have missed. She could have taken every advantage of me and let me go ahead and submit my brief and then tear me apart. Instead, her attitude was, no, if we're going to do this, let's do it right. And I would just like to say to the court, I'm grateful to her for that. I think it's typical of the kind of person and lawyer that she is in the appellate division of the U.S. Attorney's Office. I think it's typical of the ethics of that office. Thank you. We'll thank her, too. We appreciate you doing that. All right, we'll come down and greet counsel and then go into our last case.
judges: William B. Traxler, Jr., Albert Diaz, Stephanie D. Thacker